UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| MAURICE JONES, | |
| Petitioner, | CASE NO. 4:12-CV-0671 |
| vs. | OPINION & ORDER [Resolving Doc. Nos. 1 & 3] |
| WARDEN FARLEY, | |
| Respondent. | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the court is *pro se* petitioner Maurice Jones's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. No. 1). Jones also filed a Motion to Proceed *In Forma Pauperis* (Doc. No. 3), which is **GRANTED**. For the reasons set forth below, the Court **DENIES** the petition for writ of habeas corpus.

**I. Background**

A criminal complaint was filed against Jones in the Philadelphia County Court of Common Pleas on April 20, 1997. *See Pennsylvania v. Jones*, No. 9709 0269 (Ct. Comm. Pls. Phil., Pa 1997)("the 1997 case"). Jones was charged with manufacturing and delivering a controlled substance. *Id.* Pennsylvania authorities arrested him on these charges in September 1997. After

Case No. 4:12-CV-0671
Gwin, J.

Jones entered a guilty plea, Judge Termini placed him on three years reporting probation on January 13, 1998.

Shortly after sentencing in the 1997 case, Jones was again arrested by Commonwealth authorities. They charged him with manufacturing and delivering a controlled substance on March 1, 1998. *See Pennsylvania v. Jones*, No. 9804 0345 (Ct. Comm. Pls. Phil., Pa 1998)("the 1998 case"). After pleading guilty to possession with intent to deliver a controlled substance, Jones was sentenced on July 17, 1998 to serve 23 months parole, followed by a consecutive two year probation term.

On January 29, 1999, Judge Carolyn Temin revoked Jones's probation in the 1997 case. She then ordered him to serve a prison term of 11 ½ to 23 months, concurrent with the sentence imposed in the 1998 case. A consecutive 3 year probation term was also ordered.

While still on probation for the 1997 case and serving parole in the 1998 case, Jones was arrested by Philadelphia Police on April 25, 2000. A review of the records attached to Jones's Petition reveals that detainers were lodged against Jones by each court in the 1997 and 1998 cases shortly after his arrest. Pending the disposition of new charges and potential parole/probation violations, Jones was held in Currant-Fromhold Correctional Center (CFCF), a Commonwealth prison.

Relevant conduct resulting from Jones's April 2000 arrest led to his four count federal indictment in the United States District Court for the Eastern District of Pennsylvania on May 9, 2000. *See United States v. Jones*, No. 2:00 cr 00242 (E.D. Pa. May 9, 2000). The United States petitioned the district court for a writ of habeas corpus *ad prosequendum* to transport Jones from

-2-

Case No. 4:12-CV-0671
Gwin, J.

CFCF to federal court. The writ was granted and Jones appeared before United States Magistrate Judge Jacob Hart on May 23, 2000. He was ordered detained indefinitely pending trial. *Id.* (Doc. No. 11).

A nine count superceding indictment was filed against Jones on August 29, 2000, to which he pled guilty on all but three counts. *Id.* (Doc. No. 20). Jones was sentenced on September 13, 2001 to serve 195 months in prison. Shortly thereafter, he was transported back to CFCF in Philadelphia to face Commonwealth authorities.

On October 10, 2001, Judge Jelin sentenced Jones to serve 23 months back time for violating probation in the 1998 case. Jones remained at CFCF until the term for his probation violation sentence ended on March 26, 2002.

Eight year later, Jones questioned a May 21, 2016 projected release date listed on his Sentence Monitoring Computation Data Sheet at F.C.I. Elkton. He believed the date did not reflect the full award of jail credit to which he was entitled. In protest, he filed a Request for Administrative Review on October 5, 2010 at F.C.I. Elkton. Asking for federal sentence credit pursuant to 18 U.S.C. § 3585, Jones argued he was held in custody from May 2000 until September 2001 solely because he was awaiting sentencing by the federal court. F.C.I. Elkton staff denied the request explaining Jones was not in exclusive federal custody during the period for which he sought credit.

Jones continued to exhaust his administrative remedies through the Bureau of Prisons (BOP). While the warden denied his appeal, Regional Director J. L. Norwood partially granted it. Norwood noted that, because 18 U.S.C. §3585 forbids double sentence credit, Jones could not receive federal

Case No. 4:12-CV-0671
Gwin, J.

credit during the time he was also serving his Commonwealth sentence. Instead, Norwood construed Jones's appeal as a request to designate the CFCF *nunc pro tunc* as the place where Jones began service of his federal sentence.[1] Approval of the request would allow Jones's federal sentence to run concurrently with his state sentence.

Finally, the National Appeals Administrator, Harrell Watts, granted Jones's request to designate partial service of his federal sentence in a Commonwealth jail, *nunc pro tunc*. He denied Jones's request for 700 days sentence credit pursuant to § 3585(b), however. Watts explained that because Jones was serving his probation violation sentence from October 10, 2001 until March 26, 2002 as well as his parole violation sentence from April 26, 2000 until March 26, 2002, section 3585(b) prohibited the BOP from crediting his federal sentence credit for the same time period. Otherwise, Watts determined that Jones's federal sentence commenced on September 13, 2001 at CFCF. Jones projected release date was adjusted to November 8, 2015.

In his present petition, Jones asserts he is entitled to additional sentence credit from April 10, 2001 until September 12, 2001. After he was transported to federal court via writ of habeas corpus *ad prosequendum*, Jones claims his "state sentence had reached maximum term expiration date" during that time. (Pet. at 3). While he does not specify when he believes his "state sentence expired," Jones implies he would have been released from custody during this time 'but for' the federal charges pending against him.

---

[1] Norwood sent a separate request, on Jones's behalf, to the Designation and Sentence Computation Center for a review and determination under BOP Program Statement 5160, "Designation of State Institution for Service of Federal Sentence."

-4-

Case No. 4:12-CV-0671
Gwin, J.

## II. Legal Standards

This matter is before the court for initial screening. *See* 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970). Where, as here, Petitioner has not met his burden the petition must be denied.

## III. Analysis

Once a federal offender is sentenced, it is the Attorney General, through the BOP, who has the responsibility for administering the sentence. *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To fulfill its duty, the BOP must calculate how much of the sentence the offender has left to serve. That determination includes how much jail-time credit the prisoner is entitled under § 3585(b). Because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001)("Power to grant credit for time served lies solely with Attorney General and Bureau of Prisons.")

Case No. 4:12-CV-0671
Gwin, J.

The statute explicitly sets out the terms under which credit may be granted, as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence.*

18 U.S.C. § 3585(b)(emphasis added). Jones claims that from April 10, 2001 until September 12, 2001 he was in official detention, but was not granted credit against his federal sentence.

It is well-settled, as between a state and the United States, that the governmental entity which first retains physical possession of a defendant may proceed in its sovereign capacity with a trial, sentencing and imprisonment before the second sovereign gains jurisdiction. *United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir.1980); *United States v. Croft*, 450 F.2d 1094, 1099 (6th Cir.1971). This 'right of first possession' provides that the entity which first takes a defendant into custody never loses jurisdiction until the defendants satisfies his obligation to the entity. *See Thomas v. Whalen*, 962 F.2d 358, 361 n. 3 (4th Cir.1992); Hernandez v. United States Attorney General, 689 F.2d 915, 918- 19 (10th Cir.1982). Therefore, the Commonwealth retained primary jurisdiction over Jones until he satisfied his obligation to the Commonwealth.

As of April 25, 2000, Jones was in the exclusive custody of the Commonwealth of Pennsylvania. Moreover, he was still serving unexpired parole and probation terms imposed by

-6-

Case No. 4:12-CV-0671
Gwin, J.

the Commonwealth. The BOP states, and Jones does not refute, that the Commonwealth imposed a parole violation sentence on April 26, 2000 that ended on March 26, 2002. Therefore, when Jones was indicted on May 9, 2000 in federal court, he was still in the custody of the Commonwealth. Federal authorities borrowed Jones via writ of habeas corpus *ad prosequendum* Under section 3585, a prisoner is not in custody when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely "on loan" to federal authorities. *See Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir.1991); *Flick v. Blevins*, 887 F.2d 778, 782 (7th Cir.1989), *cert. denied*, 495 U.S. 934 (1990).[2]

The Commonwealth secured primary jurisdiction over Jones in April 2000, which continued until his Commonwealth sentence expired in March 2002. As such, Jones was not in "official detention" pursuant § 3585 from April 10, 2001 until September 12, 2001 awaiting federal sentencing. The statute only provides pre-sentence credit when the defendant is in exclusive federal custody, unencumbered by any other obligation to state or federal authorities. Jones has not made that claim. Therefore, consistent with 18 U.S.C. §3585, he is not entitled to pre-sentence federal credit from April 10, 2001 until September 12, 2001.

### IV. Conclusion and Order

Based on the foregoing, Jones's Motion to Proceed *In Forma Pauperis* is GRANTED (Doc. No. 3) and the petition is DENIED pursuant to 28 U.S.C. § 2243. The Court certifies,

---

[2] Although the former version of the statute,18 U.S.C. § 3568 (1982)(repealed by Comprehensive Crime Control Act of 1984, ch. 58, § 212(a)(2), 98 Stat.1987(Oct. 12, 1984)), was applied in the analysis of these cases, it was replaced without substantial change by 18 U.S.C. § 3585.

Case No. 4:12-CV-0671
Gwin, J.

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

9/28/2012
                                                         s/James S. Gwin
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE