UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

MAURICE JONES,

    Petitioner,

vs.

WARDEN FARLEY,

    Respondent.

CASE NO. 4:12-CV-0671

ORDER
[Resolving Doc. No.6]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Petitioner Maurice Jones files a Federal Civil Rules 59(e) motion to reconsider this Court's September 28, 2012, order. Jones alternatively seeks relief under Federal Civil Rules 60(b).[1] (Doc. No. 6). On September 28, 2012, the Court dismissed Mr. Jones's Petition for Writ of Habeas Corpus because he failed to state a claim. He now says the Court should vacate that judgment because the Clerk failed to file documents he says he mailed to support his claim.

Courts can grant motions to alter or amend judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *See GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)(citations

---

[1] Because Mr. Jones filed a timely Rule 59(e) Motion, it is not necessary to analyze the merits of his claim based on the stricter Rule 60(b) standard.

-1-

Case No. 4:12-CV-0671
Gwin, J.

omitted). Mr. Jones argues that he is entitled to relief based on information he claims "THE CLERK OF THE COURT NEVER GOT OR LOST OR NEVER FILED the 2241 Petition and Proofs; but DOCKETED THE MEMORANDUM IN SUPPORT as a § 2241." (Doc. 6 at 2.) Although he believes the Clerk of Court was responsible for this "error," Mr. Jones asks the Court to direct the F.C.I. Elkton Mail Room to "release records" and clarify that he "made a filing to the Court that will in no other way be accounted for." (Doc. No. 6 at 3.) For the reasons set forth below, Mr. Jones is not entitled to relief.

The Court dismissed Jones' 28 U.S.C. §2241 petition because he failed to show he was entitled to sentencing credit under 18 U.S.C. § 3585(b). This Court reasoned:

> The BOP states, and Jones does not refute, that the Commonwealth imposed a parole violation sentence on April 26, 2000 that ended on March 26, 2002. Therefore, when Jones was indicted on May 9, 2000 in federal court, he was still in the custody of the Commonwealth. Federal authorities borrowed Jones via writ of habeas corpus *ad prosequendum*. Under section 3585, a prisoner is not in custody when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely "on loan" to federal authorities. *See Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir.1991); *Flick v. Blevins*, 887 F.2d 778, 782 (7th Cir.1989), *cert. denied*, 495 U.S. 934 (1990).

(Doc. No. 4 at 7)(footnote omitted). Mr. Jones now argues that he did "refute" the date of his release from state custody. However, he does not succeed in showing that Pennsylvania released him to federal custody before the date used by the Bureau of Prisons.

The "proofs" Mr. Jones relies upon do not show the Court should alter its judgment. In support of his argument that he was in federal custody, Jones includes a copy of an undated, un-stamped Petition for Extraordinary Relief Declaratory Relief that he says he filed in the Court of

-2-

Case No. 4:12-CV-0671
Gwin, J.

Common Pleas of Philadelphia County.  That Petition requests "a declaration . . . stating the actual date Petitioner should have been released by the authorities of the Commonwealth for the sentence imposed in the above-captioned matter."  (Doc. No. 6-13 at 2.)   But Jones does not produce any Philadelphia Court of Common Pleas judgment granting Jones' petition.  Jones does not show any evidence that Pennsylvania released him before the date used by the BOP.

      Jones apparently believes that Pennsylvania "over detained" him under Pennsylvania law.  But he cannot obtain federal sentence credit even if Pennsylvania made a mistake under Pennsylvania law.  The Bureau of Prisons' Sentence Monitoring Computation Data reveals Mr. Jones "was released from his state sentence on March 26, 2002 to the United States Marshal Service."  (Doc. No. 6-8 at 2.)  His belief that his release date should have been April 10, 2001, does not alter the fact that he was not released on that date.

      Accordingly, the Motion to Alter or Amend is denied (Doc. No. 6).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

      IT IS SO ORDERED.


Dated: September 6, 2013                          *s/          James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."